[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10767
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60287-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAPHAEL OSWALD,
a.k.a. Mackenson R. Olibrice,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 15, 2018)

Before JULIE CARNES, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Raphael Oswald appeals the district court's decision to impose a condition of supervised release requiring him to submit to searches not supported by reasonable suspicion or probable cause, following his convictions for one count of wire fraud in violation of 18 U.S.C. § 1343, one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and one count of theft of public money in violation of 18 U.S.C. § 641.  On appeal, Oswald argues that the district court abused its discretion in imposing the condition because the court did not adequately explain why it was imposing the condition, and because the condition violates the Fourth Amendment.

I

Although we ordinarily view the district court's imposition of conditions of supervised release for an abuse of discretion, we are limited to reviewing for plain error when the defendant failed to object to the condition in the district court and raises the issue for the first time on appeal.  *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015).   To prevail under the plain error standard, an appellant must show: (1) an error occurred; (2) it was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings.  *Id*. at 1238.  An error is plain if it is obvious and clear under current law.  *Id*.  If neither we nor the Supreme Court has ever resolved this issue, there can be no plain error with regard to that issue.  *Id*. at 1238-39.

2

A district court may order special conditions of supervised release so long as each condition: (1) is reasonably related to the sentencing factors listed in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with needed training, medical care, or correctional treatment; (2) involves no greater deprivation of liberty than is reasonably necessary to accomplish the goals of deterrence, protecting the public, and rehabilitation; and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission. *United States v. Tome*, 611 F.3d 1371, 1376 (11th Cir. 2010); 18 U.S.C. § 3583(d)(l)–(3); see also 18 U.S.C. § 3553(a)(1), (2)(B)–(D).  We do not require that a special condition be supported by each § 3553(a) factor; rather, each factor is an independent consideration to be weighed. *Tome*, 611 F.3d at 1376.  Moreover, while a condition should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects his ability to exercise constitutionally protected rights. *Id*.

The Supreme Court has held that it is not unconstitutional for an officer to conduct a suspicionless search of a parolee subject to a parole condition authorizing such searches. *Samson v. California*, 547 U.S. 843, 857 (2006).  In so holding, the Supreme Court concluded that, because the search condition was

3

clearly expressed to the parolee, his reasonable expectation of privacy was diminished, and thus the Fourth Amendment was not violated. *Id*. at 852. For a similar reason, we held that a probation condition requiring the probationer to submit to searches without a warrant was constitutional. *Owens v. Kelley*, 681 F.2d 1362, 1366-69 (11th Cir. 1982). We have also recognized the similarity between probation and supervised release. *United States v. Gaskell*, 134 F.3d 1039, 1044 (11th Cir. 1998) (extending our reasoning in several supervised release cases to the probation context).

Oswald has not established that the district court committed plain error in imposing the permissible search condition. Although the district court did not explicitly discuss its reasons for imposing the condition, Oswald has cited no Supreme Court or Eleventh Circuit precedent establishing that the district court was required to do so. Moreover, the court did emphasize Oswald's criminal history and the need to provide deterrence and promote respect for the law. Given the record with respect to these matters, it is not obvious that the district court committed an error because it is not obvious that the permissible search condition is not reasonably related to the sentencing factors of § 3553(a), involves a greater deprivation of liberty than is necessary, or is inconsistent with the policies of the Sentencing Commission. *See Tome*, 611 F.3d at 1376. Even if the imposition of

4

the permissible search condition without explanation was error, the error was not plain.  *See Carpenter*, 803 F.3d at 1238-39.

Oswald has also failed to establish plain constitutional error.   In light of the Supreme Court's decision in *Samson* and our decisions in *Owens* and *Gaskell*, it is not clear under current law that the permissible search condition is unconstitutional.  Accordingly, even if it were a constitutional error to impose the condition, the error was not plain.  *See Carpenter*, 803 F.3d at 1238-39.

Because the district court did not plainly err in imposing the permissible search condition as one condition of Oswald's supervised release, we affirm.

**AFFIRMED.**

5